**Robert BOLAND, Administrator of the Estate of Lee Boland, Deceased, and Robert Boland, Appellant,**

v.

**Earl F. GREER, Appellee.**

**No. 3–479A109.**

Court of Appeals of Indiana, Third District.

Sept. 8, 1980.

Rehearing Denied Oct. 27, 1980.

Frank J. Galvin, Jr., Galvin & Galvin, Hammond, for appellant.

James J. Nagy, Paul A. Rake, Eichhorn, Eichhorn & Link, Hammond, for appellee.

HOFFMAN, Judge.

This is an appeal from an action by plaintiff–appellant Robert Boland to recover damages from defendant--appellee Earl Greer for the wrongful death of his minor daughter, Lee Boland. The trial court found in favor of Boland and awarded him $10,000. Its Findings of Fact and Conclusions of Law read as follows:

"FINDINGS OF FACT

1. With respect to liability, the Plaintiff has carried the burden of proof and the evidence is with the Plaintiff and against the Defendant.

2. With respect to damages, the court finds that Plaintiff proved damages in the amount of $9,864.70, the Court finding evidence on the various elements of damages and assigning a value to each element as is the Court's task in this case as the trier of fact.

"CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the subject matter.

2. The primary legal question to be determined in this case is Plaintiff's measure of damages. I.C. 34 1 1-8 controls. Indiana courts have consistently held that the proper measure of damages in an action by a parent for the death of his or her minor child is limited to the pecuniary loss that the parent has sustained. The measure of damages is the value of the child's services from the time of its death until it would have been eighteen years old taken in connection with its prospects in life, less the cost of its support and maintenance during that period, including board, clothing, schooling and medical attention. In estimating a parent's damages for wrongful death of a minor child, the courts allow that the trier of fact may properly consider the condition of the family and the pecuniary value of all acts of kindness and attention which may reasonably be anticipated that the child would have performed for the parent and his family until reaching its majority. The trier of fact may not consider that a parent was deprived of the happiness, comfort, society and companionship of the child or that the parent suffers physically or mentally by reason of the loss of the child. The courts in Indiana have directly declined to apply any other type of theory as to the measure of damages for the loss of a minor child.

The parties, through their respective counsel, stipulate to the form of the

above and agree that this document shall be construed to be the trial protion [sic] of any record of proceedings prepared for appellate purposes. The parties further stipulate that the preimary [sic] legal question involves the measure of damages: Plaintiff's position is that tort law should begin to protect the interest in society and companionship that is the very essence of family life, and that it is a denial of equal protection to restrict damages as the Court has herein. Defendant agrees with the measure of damages used by the Court herein.

## "JUDGMENT ORDER

On the basis of the above and foregoing, the Court finds in favor of Plaintiff, Robert Boland individually, and against Defendant, Earl F. Greer, and judgment is therefore rendered in favor of said Plaintiff and against said Defendant in the amount of $9,864.70, plus costs in the amount of $135.30 ($28.00 for court costs, state docket fees, sheriff's fees, and judicial fees, and $107.30 in deposition expense—Eleanor Zimmerman, Debbie LeBonte, and Diane Schudt—$40.80; Earl F. Greer—$53.20; and Robert Boland $13.30), for a total amount of $10,000.00. In determining the $9,864.70 amount, the Court considered the condition of the family, the value of the child's services from the time of her death until she would have attained her majority, taken in connection with her prospects in life (less the costs of support and maintenance during that period, including board, clothing, schooling and medical attention), medical and funeral bills, and the pecuniary value of all acts of kindness and attention which may reasonably be anticipated that plaintiff's decedent would have performed for the parents and her family until reaching her majority. The Court did not consider any theories such as 'lost investment' or 'loss of society and companionship' as contended by Plaintiff.

SO ORDERED."

Three questions are presented for review:

(1) Should a parent be allowed to recover for loss of love and companionship in an action for the wrongful death of his minor child?

(2) Is a parent, under a theory of lost investment, entitled to recoup expenditures made in maintaining and caring for his minor child from the time of the child's birth until death?

(3) It is a denial of equal protection to refuse recovery to a parent for lost love and companionship in an action for wrongful death of his minor child?

For purposes of this discussion issues 1 and 2 will be consolidated.

While recognizing that the clear weight of authority in Indiana restricts the recovery of a parent for the wrongful death of his child to pecuniary losses, Boland nonetheless urges this Court to reassess that view. The prevailing law in this area was succinctly described by Judge Lowdermilk in *Wallace v. Woods* (1971), 149 Ind.App. 257, at 262 264, 267–268, 271 N.E.2d 487, at 490–491, 493:

"The appellant presents an in-depth argument as to why the trial court should not have struck Paragraph II of his complaint. This particular pleading paragraph prays for monetary damages on a 'lost investment' theory. This theory would allow the appellant to recover for his expenditures in maintaining and caring for his deceased minor son from the time of the decedent's birth; including the cost of food, clothing, shelter, dental care, schooling and a fair value for attention and instructions given to the decedent for the nineteen years of his life on behalf of the appellant and his wife.

\* \* \* \* \* \*

"It is undisputed that this case was brought to trial under Ind.Ann.Stat. § 2 217 (Burns' 1967 Replacement), I.C. 1971, 34–1–1–8, which allows a parent to bring an action for injury or death of his child. The governing statute is set out as follows:

'Action for injury or death of child.—A father, or in case of his death, or desertion of his family, or imprisonment, the mother, or in case of divorce the person to whom custody of the child was awarded, may maintain an action for the injury or death of a child; and a guardian may maintain such action for the injury or death of his ward; in case of death of the person to whom custody of the child was awarded, a guardian shall be appointed to maintain an action for the injury or death of his ward. But when the action is brought by the guardian for an injury to his ward, the damages shall inure to the benefit of his ward. (Acts 1881 (Spec.Sess.), ch. 38, § 29, p. 240; 1951, ch. 112, § 1, p. 307.)'

"It is under this statute that the appellant presented his 'lost investment' theory in the second pleading Paragraph of his complaint. As we look to prior cases and opinions of the Appellate and Supreme Courts it is quite readily seen that the standard of awarding damages under this statute is the loss the parent incurred from the time of the child's death to the time of the child's age of majority. In the case of *Hahn et al. v. Moore* (1956), 127 Ind.App. 149, 133 N.E.2d 900, this court held:

'Appellants' brief quotes, in effect, *the rule that the measure of damages in a case of this kind is the value of the child's services from the time of death until he would have attained his majority*, taken in connection with his prospects in life less the cost of his support and maintenance during that period, including board, clothing, schooling and medical attention. To this may be added, in proper cases, the expenses of care and attention to the child, made necessary by the injury, funeral expenses and medical services. *Thompson v. Town of Fort Branch* [204 Ind. 152, 178 N.E. 440] 1931, *supra; Pennsylvania Co. v. Lilly*, 1881, 73 Ind. 252, 254; *Jones v. Drewry's, Limited, U. S. A., Inc.*, 7 Cir., 1945, 149 F.2d 250, 251. Appellants also add that the jury may consider the condition of the decedent's family and the pecuniary value of all acts of kindness and attention which the deceased child might reasonably be anticipated to render until its majority. But that the parent has been deprived of the happiness, comfort, and society of the child or has incurred physical or mental suffering or pain by reason of loss of the child, may not be considered by the jury.' [Original emphasis]

"In a later case of *Siebeking v. Ford* (1964), 128 Ind.App. 475, 148 N.E.2d 194, this court again stated the standard of damages under this statute when it said:

'The courts of this state have frequently stated that in an action by a parent for the death of his child, he is entitled to recover only for the pecuniary injury he has sustained and that *the proper measure of damages is the value of the child's services from the time of injury until he would have attained his majority*, taken in connection with his prospects in life, less his support and maintenance, to which may be added, in a proper case, the expense of care and attention to the child, made necessary by the injury, funeral expenses and medical services. *Pennsylvania Co. v. Lilly*, 1881, 73 Ind. 252; *Thompson v. Town of Fort Branch, supra; Hahn v. Moore, supra*.' [Original emphasis]

"This standard of damages has repeatedly been stated by this court and upheld by the Supreme Court. The appellant admits this fact and does not dispute that this standard is the law. Rather, he is asking this court to overrule the many cases establishing the standard of damages under the governing statute and to adopt a 'lost investment' theory, which would allow a recovery from the moment of birth until the date of death. . . .

\* \* \* \* \* \*

"This court will maintain our standard for the measure of damages for minors that has repeatedly been set forth by this court and upheld by the Supreme Court. The measure of damages in Indiana for a minor's death is being liberalized by the

courts in an effort to meet the present day conditions. This standard for the measure of damages was the law at the time the trial court struck pleading Paragraph II of the complaint and thus, did not err is so doing."

 Boland has offered a comprehensive analysis of the policy considerations underlying the trend toward permitting parents to recover not only intangible losses such as love and companionship but also child–rearing expenses. His contentions raise serious doubts as to the continued viability of the traditional rule followed in Indiana. Nevertheless, the Court of Appeals is obliged to follow the precedents established by the Indiana Supreme Court. As noted in *Wallace · v. Woods, supra,* the highest court in this state has expressly adopted the pecuniary loss rule as the proper measure of damages in actions involving wrongful deaths of minor children. It would therefore be presumptuous for this Court to strike down that longstanding rule.

 There is currently much discussion and concern about the status and power of the judicial branch of government. The appellant would have us side with those who espouse the philosophy that the court should abandon *stare decisis* and the rule of precedent when, in its opinion, there is a social or political need for change. While we agree that an appellate court must be conservatively responsive to accepted legal trends, we cannot agree that the courts should in any respect presume to be a barometer of public opinion or the weathervane of social change. Separation of powers is a well–founded govermental concept, and this Court has always guarded that separation.

It is conceivable that the traditional concept of judicial review may evolve into something other than what it is today. It is obviously undergoing change. However, it is for the Legislature or the Supreme Court to establish the procedures for such change.

We are here to interpret the law and to lay down guidelines by which the lawyers and the trial courts of this state can make determinations on which they can depend. It would be an ill–fated system of jurisprudence where the law was only as dependable as the most current advance sheet.

Boland further contends that withholding damages for loss of love and companionship denies equal protection under the Fourteenth Amendment to the class of parents injured through the wrongful death of their children. Boland likens his situation to that of a spouse suing for loss of consortium or a child suing for the wrongful death of a parent where damages for loss of love and companionship are recoverable.

 The mandate of equal protection requires the law to treat alike those who are similarly situated. *State v. Barrett* (1909), 172 Ind. 169, 87 N.E. 7. The loss of consortium is not analogous to the loss of love and companionship of a child because the marital relationship is significantly different from that of parent–child. Consortium is more that "services" in the ordinary sense. An action for consortium rests in large part on the impairment or destruction of the sexual life of the couple. Clearly no comparable element of damage is inherent in the parent–child relationship. Likewise parents suing for the wrongful death of a child cannot be regarded as similarly situated to minor children who have lost a parent due to the wrongful act of another since in the latter instance the child's injury includes loss of nurture, parental guidance and training. For these reasons there was no equal protection violation.

No reversible error having been demonstrated the judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.