Mary Jane JAEGER, individually, and as Special Administrator of the Estate of Ernest L. Jaeger, Deceased, Plaintiff,

v.

RAYMARK INDUSTRIES, INC., et al., Defendants.

No. 84–C–924.

United States District Court, E.D. Wisconsin.

May 30, 1985.

Leonard S. Zubrensky, Zubrensky, Padden, Graf & Maloney, Milwaukee, Wis., Theodore Goldberg, Henderson & Goldberg, Pittsburgh, Pa., for plaintiff.

James Samuelson, Godfrey, Trump & Hayes, Milwaukee, Wis., for H.K. Porter.

Nancy Rice Gruber, Otjen & Van Ert, Milwaukee, Wis., for Chemetron.

James P. Brennan, Brennan & Collins, Milwaukee, Wis., for Raymark.

Jack R. Teetaert, Appleton, Wis., for Lincoln Elec.

Trevor J. Will, Foley & Lardner, Milwaukee, Wis., for Stoody Co.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff brought this action to recover for the disability and death of her husband, Ernest L. Jaeger, which she contends was caused by exposure to asbestos and other toxic materials while he was employed as a welder at Allis-Chalmers Corporation. The plaintiff seeks both compensatory and punitive damages. Jurisdiction in this court is based on diversity. 28 U.S.C. § 1332. The defendants have now moved for summary judgment contending that the plaintiff's claims are barred by the statute of limitations. The motion will be granted in part and denied in part.

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden rests with the moving party to establish that no genuine issues of material fact exist. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

Any inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Adickes v. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). A court will accept as true, however, those facts in the movant's affidavits which are uncontroverted. *Wang v. Lake Maxinhall Estates, Inc.*, 531 F.2d 832, 833 (7th Cir.1976).

The facts relevant to the pending motion have been set forth by the defendants and are uncontroverted by the plaintiff. Ernest L. Jaeger was employed as a welder at Allis-Chalmers from 1949 to 1980. In November 1980, he was diagnosed as having lung cancer. On March 2, 1981, Mr. Jaeger filed a worker's compensation claim alleging that his lung cancer resulted from occupational conditions. He died on July 13, 1981. The present action was filed on July 12, 1984.

The plaintiff seeks to have the court construe her complaint as stating claims under both the Wisconsin survival statute, Wis.Stat. § 895.01, and the Wisconsin wrongful death statutes, Wis.Stat. §§ 895.-03 and 895.04. The defendants' position is that the complaint only states a survival claim and a related loss of consortium claim.

The survival action and the wrongful death action are distinct under Wisconsin law. The survival action is brought by the decedent's estate for the injury to the decedent; the wrongful death action belongs to the named beneficiaries for their injury. *Wangen v. Ford Motor Co.*, 97 Wis.2d 260, 312, 294 N.W.2d 437 (1980). "[T]he latter action begins where the former ends." *Id.*

It is difficult to identify which paragraphs of the complaint comprise the survival claim and which paragraphs comprise the wrongful death claim. In fact, the basis for the claims, Mr. Jaeger's disability and death, and the theories of liability, negligence, strict liability, and civil conspiracy, apply equally to both claims. Only the relief available varies for the two claims.

Under the liberal pleading rules, a complaint need only give notice to the opposing party of the substance of the allegations. *Uptown People's Community Health Services Bd. of Directors v. Bd. of Comm'rs*, 647 F.2d 727, 739 (7th Cir.), *cert. denied*, 454 U.S. 866, 102 S.Ct. 328, 70 L.Ed.2d 167 (1981). The complaint gives the defendants sufficient notice of the basis for both a survival claim and a wrongful death claim; it charges that Mr. Jaeger contracted lung cancer and asbestosis resulting in his disability and death as a proximate result of his inhalation of asbestos fibers and nickel contained in the defendants' products.

Furthermore, the defendants' opening brief in support of their motion for summary judgment indicates that they are well aware that the complaint might be construed as stating a cause of actions for wrongful death. The defendant notes that the complaint does not specifically assert a claim under the Wisconsin wrongful death statutes. Although it may be better practice for a plaintiff to indicate in his complaint the state law on which he bases his claim, a plaintiff is not required to plead the specific state statute. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1253 (1969). Federal courts are required to take judicial notice of state law. *Lamar v. Micou*, 114 U.S. 218, 5 S.Ct. 857, 29 L.Ed. 94 (1885).

In sum, I believe that the complaint gives the defendants adequate notice of and an opportunity to defend the acts of which the plaintiff complains. *See Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–103, 2 L.Ed.2d 80 (1957); Fed.R.Civ.P. 8(a), (e), and (f). Accordingly, the court will construe the plaintiff's complaint as stating both a survival claim and a wrongful death claim. The plaintiff's claim for loss of consortium damages, discussed *infra*, will be construed as part of the wrongful death claim and not as a separate cause of action.

## SURVIVAL CLAIM

Claims for personal injury survive the death of the victim. Wis.Stat. § 895.-01. The defendants contend, however, that the plaintiff's survival action is barred by the applicable statute of limitations, Wis. Stat. § 893.54. Section 893.54 requires that an action to recover damages for personal injuries must be brought within three years of the accrual of the action.

The parties agree that *Hansen v. A.H. Robins, Inc.*, 113 Wis.2d 550, 335 N.W.2d 578 (1983), is the governing case for determining when a cause of action accrues under § 893.54. In *Hansen supra*, 113 Wis.2d at 560, 335 N.W.2d 578, the Wisconsin Supreme Court held that all tort claims, with the exception of those governed by a legislatively created discovery rule, "shall accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first." The plaintiff does not contend that any legislatively created discovery rule applies to this case.

The injury allegedly caused by the defendants in this case was lung cancer. It is uncontested that Mr. Jaeger's lung cancer was diagnosed in November 1980, over three and one-half years before this action was filed on July 12, 1984. The plaintiff's survival claim for her husband's personal injuries, therefore, is barred by the applicable three-year statute of limitations.

It is true that this action was commenced within three years of the date of Mr. Jaeger's death, July 13, 1981. This fact, while relevant to the plaintiff's wrongful death claim, discussed *infra*, is irrelevant to her survival claim.

Despite the clear holding in *Hansen*, the plaintiff asks this court to "extend" the discovery rule adopted by the Wisconsin Supreme Court and hold that a tort claim accrues only when the plaintiff discovers or, with reasonable diligence, should discover the *cause* of the injury and not merely when the injury itself is discovered or should have been discovered.

Federal courts in diversity actions are bound to accept the interpretations of

state law by the state's highest court. *Hortonville Jt. School District No. 1 v. Hortonville Education Ass'n*, 426 U.S. 482, 488, 96 S.Ct. 2308, 2312, 49 L.Ed.2d 1 (1976); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This court, therefore, must apply the Wisconsin Supreme Court's holding in *Hansen* to this case. The court's responsibility is to apply the relevant state law as it presently exists.

This is not a situation in which the Wisconsin Supreme Court has failed to address the statute of limitations issue raised by the defendants herein. In *Hansen*, the Wisconsin high court clearly and unequivocally adopted the rule that all tort claims, with one exception not applicable to this case, accrue on the date the injury is discovered or, with reasonable diligence, should have been discovered. The *Hansen* court, in fact, repeatedly advances this interpretation of the discovery rule. *Hansen, supra*, 113 Wis.2d at 556, 558, 559, 560, 335 N.W.2d 578. In light of the clear holding in *Hansen*, there is no basis for reading into that decision the rule advocated by the plaintiff. Accordingly, the defendants' motion for summary judgment will be granted as to the plaintiff's survival claim.

## WRONGFUL DEATH CLAIM

Actions for wrongful death are governed by the three-year period of limitation in Wis.Stat. § 893.54(2). In contrast to a survival claim, however, a wrongful death claim accrues at the time of death. *Terbush v. Boyle*, 217 Wis. 636, 640, 259 N.W. 859 (1935). Mr. Jaeger died on July 13, 1981. The plaintiff commenced this action one day short of three years, on July 12, 1984. Therefore, the plaintiff's wrongful death claim is not barred by the statute of limitations. Accordingly, the defendants' motion for summary judgment will be denied as to the plaintiff's wrongful death claim.

The court notes, however, that because the wrongful death action is a statutory creation which did not exist at common law, the available remedies are limited to those specified by statute. *Wangen, supra*, 97 Wis.2d at 312, 294 N.W.2d 437; Wis.Stat. §§ 895.03 and 895.04. Under Wis.Stat. § 895.04(4) and (5), the named beneficiaries may recover for their pecuniary injury, for their loss of society and companionship, and for medical and funeral expenses. Damages for loss of society and companionship, commonly referred to as loss of consortium, are limited to a statutory maximum which in this case is $25,000. Wis.Stat. § 895.04(4). (This limit recently was raised to $50,000, but the new limit only applies to actions which accrued on or after May 1, 1984. Wis.Stat. § 895.04(4) (West.Supp.1984)). Punitive damages are not recoverable in a wrongful death action. *Wangen, supra*, 97 Wis.2d at 315, 294 N.W.2d 437. The plaintiff's wrongful death claim is the only cause of action which survives the defendants' motion for summary judgment. Accordingly, the defendants' motion for summary judgment on the plaintiff's claim for punitive damages will be granted.

## DAMAGES FOR LOSS OF CONSORTIUM

In her complaint, the plaintiff seeks damages for loss of consortium. The defendants construe this claim for damages as a distinct cause of action which, they allege, is barred by the statute of limitations for personal injury actions. Wis.Stat. § 893.54.

The plaintiff's claim for loss of consortium damages is appropriately construed as part of her wrongful death claim and not as a separate cause of action. As noted earlier, section 895.04(4), Wis.Stat., provides that a plaintiff in a wrongful death action may recover for loss of society and companionship. A damage claim for loss of society and companionship is properly construed as merely one element of the damages recoverable in a wrongful death action rather than as a separate cause of action. *Nichols v. U.S. Fidelity & Guaranty Co.*, 13 Wis.2d 491, 497, 109 N.W.2d 131 (1961). Because the plaintiff's

damage claim for loss of consortium is part of her wrongful death claim, it is not barred by the statute of limitations.

### CONCLUSION

The court construes the plaintiff's complaint as stating both survival and wrongful death claims. The defendants will be granted summary judgment on the survival claim but will be denied summary judgment on the wrongful death claim. Summary judgment will also be granted as to the plaintiff's claim for punitive damages.

Therefore, IT IS ORDERED that the defendants' motion for summary judgment on the plaintiff's survival claim be and hereby is granted.

IT IS ALSO ORDERED that the defendants' motion for summary judgment on the plaintiff's claim for punitive damages be and hereby is granted.

IT IS FURTHER ORDERED that the defendants' motion for summary judgment as to the plaintiff's wrongful death claim be and hereby is denied.