John ANDIS and Marie Andis,
Plaintiffs-Appellants,

v.

Thomas L. HAWKINS, Westinghouse Beverage Group, Inc., d/b/a Seven-Up of Indiana, Seven-Up Bottling Company of Indiana, and Westinghouse Transport Leasing Corporation, Defendants-Appellees.

No. 4–485A98.[1]

Court of Appeals of Indiana,
First District.

Feb. 18, 1986.
Rehearing Denied April 4, 1986.

---

1. This case was diverted from the Fourth District by order of the Chief Judge.

Peter G. Tamulonis, Donald L. Dawson, Kightlinger Young Gray & DeTrude, Indianapolis, for plaintiffs-appellants.

James R. Fisher, Ice Miller Donadio & Ryan, Indianapolis, for defendants-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

John and Marie Andis (Andises) appeal the trial court's granting of summary judgment against them on their claim for punitive damages [2] on the ground that punitive damages may not be recovered in a wrongful death action. We affirm.

## FACTS

Christina Andis, the Andises' minor daughter, was killed on June 26, 1984, when the Carmel High School driver's education car in which she was riding was struck by the defendant's truck. Andises filed this wrongful death action seeking both compensatory and punitive damages. The trial court ruled, as a matter of law, that punitive damages were not recoverable in such an action.

[2]. The trial court entered final judgment pursuant to Indiana Rules of Procedure, Trial Rule

## ISSUE

Andises raise the following issue in this appeal:

Where an assessment of punitive damages otherwise is warranted, are defendants immune from such assessment solely because plaintiffs' underlying cause of action is for wrongful death?

## DISCUSSION AND DECISION

Stated differently, the precise issue before us is whether or not punitive damages may be recovered in a wrongful death action. This issue has never been decided by Indiana courts. However, this question has been the subject of many decisions in other jurisdictions. Two distinct lines of authority stem from those cases.

The first, adhered to by a strong majority, holds that absent specific statutory authorization therefor, punitive damages may not be recovered in actions for wrongful death. The rationale for this position is that actions for wrongful death were not allowed at common law, but are of statutory origin. Such statutes being in derogation of common law must be strictly construed and only those damages specified in the statute may be recovered. Since the wrongful death statutes are intended to compensate the decedent's family only for the pecuniary loss sustained by reason of the death, punitive damages being in excess of such compensation are not recoverable. Cases representative of this position are: *Peacock v. J.C. Penney Co., Inc.* (4th Cir.1985), 764 F.2d 1012 (Virginia law); *Jaeger v. Raymark Industries, Inc.* (E.D. Wis.1985), 610 F.Supp. 784 (Wisconsin law); *Bethel v. Janis* (D.C.S.D.1984), 597 F.Supp. 56 (South Dakota law); *In re Keyworth* (D.Colo.1985), 47 B.R. 966 (Colorado law); *Grimshaw v. Ford Motor Co.* (1981), 119 Cal.App.3d 757, 174 Cal.Rptr. 348; *Magee v. Rose* (1979), Del.Super., 405 A.2d 143; *Ford Motor Co. v. Stubblefield* (1984), 171 Ga.App. 331, 319 S.E.2d 470; *Winter v.*

54(B).

*Schneider Tank Lines, Inc.* (1982), 107 Ill. App.3d 767, 63 Ill.Dec. 531, 438 N.E.2d 462; *Cohen v. Rubin* (1983), 55 Md.App. 83, 460 A.2d 1046; *Kern v. Kogan* (1967), 93 N.J. Super. 459, 226 A.2d 186; *Rubeck v. Huffman* (1978), 54 Ohio St.2d 20, 8 Ohio Ops.3d 11, 374 N.E.2d 411; *Harvey v. Hassinger* (1983), 315 Pa.Super. 97, 461 A.2d 814; *Wilson v. Whittaker* (1967), 207 Va. 1032, 154 S.E.2d 124; and *Wangen v. Ford Motor Co.* (1980), 97 Wis.2d 260, 294 N.W.2d 437.

Indeed, this view has been said to be the "general rule", 22 Am.Jur.2d, Death, section 136 (1965), the rule being succinctly stated as follows:

"Under what has been described as 'the general rule,' punitive damages cannot be awarded in a wrongful death action unless the governing provision expressly or by clear implication confers the right to such damages. Acceptance of the doctrine that the damages recoverable are for the pecuniary loss sustained by the beneficiaries has been said to exclude, at least indirectly, any punitive damages, even where aggravating circumstances would warrant them in an action between the person injured and the person inflicting the injury."

Cases following the general rule have explained that the right to sue for wrongful death is a statutorily created right which was unknown to the common law. The rights granted are subject to the limitations imposed by statute, including those on damages. Damages in a wrongful death action are limited to the pecuniary loss resulting from the death. Since punitive damages are over and above the amount adequate to compensate for the pecuniary loss, such damages are not recoverable in a wrongful death action. *Rubeck*, 374 N.E.2d at 413.

The Indiana wrongful death statute Indiana Code section 34–1–1–2, which was in effect on June 26, 1984, provided:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against

the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years, and the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased. If such decedent depart this life leaving no such widow or widower, or dependent children or dependent next of kin, surviving her or him, the damages inure to the exclusive benefit of the person or persons furnishing necessary and reasonable hospitalization or hospital services in connection with the last illness or injury of the decedent, performing necessary and reasonable medical or surgical services in connection with the last illness or injury of the decedent, to the undertaker for the necessary and reasonable funeral and burial expenses, and to the personal representative, as such, for the necessary and reasonable costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee, and in case of a death under such circumstances, and when such decedent leaves no such widow, widower, or dependent children, or dependent next of kin, surviving him or her, the measure of damages to be recov-

ered shall be the total of the necessary and reasonable value of such hospitalization or hospital service, medical and surgical services, such funeral expenses, and such cost and expenses of administration, including attorney fees." [3]

Andises argue that because the wrongful death statute does not expressly prohibit the award of punitive damages, recovery of such damages should be allowed. That argument has been expressly rejected. In *Cohen v. Rubin*, the Maryland Court of Special Appeals, addressing this same contention, said:

"We do not accept cross-appellant's argument that punitive damages are recoverable because the statute does not expressly preclude or limit such recovery. The negligence causing death statute is in derogation of the common law and, therefore, should be strictly construed. [Citations omitted] We are of the opinion, therefore, that punitive damages are not recoverable in cases arising under the wrongful death statute unless and until the legislature so provides."

460 A.2d at 1046.

We are not unaware of the minority decisions reaching an opposite conclusion or of the allure of their rationale. For example, it has been stated:

"[P]unitive damages are not compensatory, but are imposed for the purpose of punishment and deterrence to prevent the wrongdoer or others from engaging in the same type of act again. [Citations omitted] This policy should not be thwarted merely because the wrongdoer manages to kill the party wronged or the party happens to die before the action can be brought."

*State ex rel. Smith v. Greene* (1973), Mo., 494 S.W.2d 55, 60.

The Missouri court, quoting from *Leahy v. Morgan* (N.D.Iowa 1967), 275 F.Supp. 424, 425, also stated: "The public policy underlying exemplary damages is to punish the wrongdoer. Logic dictates that if the

wrongdoer may be punished if his victim lives, then surely he should not escape retribution if his wrongful act causes death." 494 S.W.2d at 60.

Despite the rhetoric of *State ex rel. Greene* and *Leahy*, we are constrained to adhere to the general rule. Although no Indiana decision has dealt with this issue, the Seventh Circuit, in a case applying Indiana law, has rejected punitive damages in wrongful death cases. *Huff v. White Motor Corp.* (7th Cir.1979), 609 F.2d 286, wherein it was held that the purpose of the Indiana wrongful death statute is "to create a cause of action to provide a means by which those who have sustained a loss by reason of the death may be compensated," and that the statute does not authorize punitive damages in a wrongful death action. 609 F.2d 286, 297. While federal decisions are not binding upon us, they are persuasive authority. *Chaffin v. Nicosia* (1974), 261 Ind. 698, 310 N.E.2d 867. Our analysis of prior Indiana decisions concerning the nature of wrongful death actions leads us to conclude the Seventh Circuit correctly determined the Indiana law.

■ Indiana law is clear that actions for wrongful death are purely statutory in origin. *Northern Indiana Power Co. v. West* (1941), 218 Ind. 321, 32 N.E.2d 713; *Britt v. Sears* (1971), 150 Ind.App. 487, 277 N.E.2d 20, *trans. denied*. Such actions did not exist at common law, but the right is given solely by statute. *Kirkpatrick v. Bowyer* (1960), 131 Ind.App. 86, 169 N.E.2d 409. Since wrongful death actions did not exist at common law, but are purely creatures of statute, the statute creating such right of action must be strictly construed. *Cunningham v. Werntz* (7th Cir.1962), 303 F.2d 612; *Thomas v. Eads* (1980), Ind.App., 400 N.E.2d 778. Thus, only those damages prescribed by the statute may be recovered. *Huff.* The purpose of the wrongful death statute is not to compensate for some injury to the decedent or to punish

---

**3.** This statute was the subject of a minor amendment in 1985 making the funeral director or funeral home providing funeral services for the

decedent a beneficiary under certain circumstances.

someone who has caused a wrongful death. Rather, the purpose is to provide a means whereby the decedent's spouse or dependents may be compensated for the loss which they have sustained by reason of the death. *Mehler v. Bennett* (S.D.Ind.1984), 581 F.Supp. 645.

■ Pecuniary loss is the foundation of a wrongful death action, and the damages are limited to the pecuniary loss suffered by those for whose benefit the action may be maintained. *Magenheimer v. State ex rel. Dalton* (1950), 120 Ind.App. 128, 90 N.E.2d 813. "Pecuniary loss has been defined as the reasonable expectation of pecuniary benefit from the continued life of the deceased, to be inferred from proof of assistance by way of money, services or other material benefits rendered by the deceased prior to his death." *Lustick v. Hall* (1980), Ind.App., 403 N.E.2d 1128, 1131, *trans. denied.* Such loss may include the loss to the children of their parent's care, *Thomas v. S.H. Pawley Lumber Co.* (7th Cir.1962), 303 F.2d 604, and the reasonable value of the loss of care, love and affection sustained by the decedent's spouse and the loss of parental training and guidance sustained by the children during their minority. *Richmond Gas Corp. v. Reeves* (1973), 158 Ind.App. 338, 302 N.E.2d 795. But the key is the *pecuniary loss* suffered by those persons whom it is the purpose of the wrongful death statute to benefit.

■ The wrongful death statute, specifies the elements of damage which may be recovered. Punitive damages are not included. Therefore, we conclude, that in an action for wrongful death of an adult brought pursuant to Indiana Code section 34–1–1–2, punitive damages may not be recovered.

■ Were this case an action for wrongful death of an adult brought under Ind. Code sec. 34–1–1–2, our decision would be clear and complete. This action, however, is one brought by the parents to recover for the death of their minor child. Actions for death of a child are governed by Indiana Code section 34–1–1–8 which provides:

"The father and mother jointly, or either of them by naming the other parent as a co-defendant to answer as to his or her interest, or in case of divorce or dissolution of marriage the person to whom custody of the child was awarded, may maintain an action for the injury or death of a child; and a guardian may maintain such action for the injury or death of his ward; in case of death of the person to whom custody of the child was awarded, a guardian shall be appointed to maintain an action for the injury or death of his ward. But when the action is brought by the guardian for an injury to his ward, the damages shall inure to the benefit of his ward."

The parents' action is a separate and distinct action, independent of the wrongful death act. *Hahn v. Moore* (1956), 127 Ind. App. 149, 133 N.E.2d 900, *trans. denied.* Under the predecessor statute to Ind. Code sec. 34–1–1–8, (Burns Anno. Stat. sec. 2–217), it was held that "[t]his statute gives use to a new and independent action for the destruction of a property right ..." *Rader v. Collins* (1959), 130 Ind.App. 227, 231, 161 N.E.2d 381, 383, *trans. denied.* Thus, in *Hahn*, the Indiana Appellate Court held that the then existing $10,000 limit on the damages recoverable under the wrongful death statute did not apply to the parent's action for death of his child, and a damage award of $20,000 in such case was upheld.

■ The elements of damages recoverable in a parent's action for wrongful death of a child are not fixed by statute as in the case of the wrongful death of an adult. Ind.Code sec. 34–1–1–8, unlike Ind. Code sec. 34–1–1–2, contains no provisions concerning damages. Rather, the measure of damages in an action for death of a minor child comes from case law. That case law has severely restricted the damages recoverable in such actions to allow recovery only for the pecuniary loss sustained by the parents. *Miller v. Mayberry* (1984), Ind.App., 462 N.E.2d 1316, *trans. denied; Boland v. Greer* (1980), Ind.App., 409 N.E.2d 1116, *trans. denied.* The proper measure of damages for the death of a

minor child is the value of the child's services from the time of injury until majority, taken in connection with the child's prospects in life, less the cost of his support and maintenance, to which may be added, in a proper case, the expense of the care and attention made necessary by the injury, funeral expenses, and medical services. *Id.* Loss of love and affection are not proper elements of damage in an action for the death of a minor child. *Id.* Thus, as in adult wrongful death cases, recovery for wrongful death of a child has been restricted to the actual pecuniary loss sustained. In fact, the recovery has been restricted even more severely in the child death cases. Under such circumstances, we do not believe Indiana law, absent express legislative authorization, would permit recovery of punitive damages in this case. Therefore, we hold, that in parents' actions for wrongful death of a minor child, punitive damages may not be recovered.

Judgment affirmed.

ROBERTSON, P.J., and NEAL, J., concur.