**Thomas SCULLY, Administrator of the Estate of Ivory V. Grandberry, Sr., deceased, Plaintiff,**

v.

**Etta ARMSTRONG, James E. Cross, Jr. and Builders Transport, Inc., Defendants.**

**Etta ARMSTRONG, Cross-Complainant,**

v.

**James E. CROSS, Jr. and Builders Transport, Inc., Cross-Defendants.**

**Civ. No. H 86–579.**

United States District Court, N.D. Indiana, Hammond Division.

Oct. 23, 1986.

James J. Nagy, Munster, Ind., for Thomas Scully.

Randall Nye, Beckman, Kelly & Smith, Hammond, Ind., for James Cross and Builders Transport.

Richard Komyatte, Komyatte & Freeland, Highland, Ind., for Etta Armstrong.

### ORDER

MOODY, District Judge.

This matter comes before the court on a Motion to Dismiss, filed on August 26, 1986 by defendants James E. Cross, Jr. and Builders Transport, Inc. pursuant to Fed.R. Civ.P. 12(b)(1) and 12(b)(6). The plaintiff Thomas Scully, as administrator of the estate of decedent Ivory V. Grandberry, Sr., commenced the action on August 5, 1986 against the moving defendants and defendant Etta Armstrong for wrongful death resulting from a vehicle collision. The moving defendants ask that the action be dismissed for failure to allege subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

### I.

The complaint alleges that defendant Etta Armstrong is a resident of Illinois and that defendants Cross and Builders Transport, Inc. are residents of states other than Indiana. The plaintiff and decedent are alleged to be residents of Indiana. In addition to compensatory damages for the decedent's death, the complaint seeks treble damages.

The defendants' motion alleges that the complaint should be dismissed because allegations of residence are not sufficient to establish diversity jurisdiction. In addition, the defendants claim that treble damages are not available in Indiana for wrongful death and should be excluded from the complaint. The plaintiff filed a Motion to Amend Complaint along with its response to the defendants' motion.

### II.

On a motion to dismiss the court will read the claim in the light most favorable to the party asserting it and will take the factual allegations as true. Dismissal of the claim is not proper unless the claimant cannot prove any set of facts that would entitle him to relief. *Mathers Fund, Inc. v. Colwell*, 564 F.2d 780, 783 (7th Cir.1977); *McDougall v. Donovan*, 539 F.Supp. 596, 597 (N.D.Ill.1982). Dismissal is proper if there appears on the face of the claim an insuperable bar to relief. *American Dairy Queen Corporation v. Augustyn*, 278 F.Supp. 717, 721 (N.D.Ill.1967).

### A.

The defendants correctly point out that diversity jurisdiction may be based only upon allegations of citizenship, not residence. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir.1984). However, dismissal is not required. Under 28 U.S.C. § 1653 "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." The plaintiff therefore may amend the complaint to allege citizenship of the parties. *Neely v.*

*Bankers Trust Co. of Texas,* 757 F.2d 621, 634 (5th Cir.1985); *Strain,* 742 F.2d at 889.

### B.

The defendants next argue that treble damages are not permissible under Indiana's wrongful death statute. The plaintiff claims that treble damages are available in this wrongful death action under the holding of *Obremski v. Henderson,* 487 N.E.2d 827 (Ind.App.), *aff'd,* 497 F.Supp. 909 (Sup.Ct. September 19, 1986). In *Obremski,* the court applied the Indiana treble damage statute, I.C. 34–4–30–1, to a case involving property damage sustained in a vehicle collision.[1] 487 N.E.2d at 831. Although *Obremski* dealt only with property damage, the treble damage statute by its terms applies to any pecuniary loss. I.C. 34–4–30–1. Pecuniary loss by definition "is the foundation of a wrongful death action." *Andis v. Hawkins,* 489 N.E.2d 78, 82 (Ind.App.1986). However, in order to recover treble damages such loss must be based on a violation of I.C. 35–43. The plaintiff here has not specifically alleged such a violation, however, on a motion to dismiss, the court must read the complaint liberally to determine whether the plaintiff could prove any set of facts which would entitle him to treble damages.

Because the instant action involves a vehicle collision, a violation of the criminal mischief statute, I.C. 35–43–1–2, could conceivably be proved.[2] In *Obremski,* 487 N.E. at 830–31, the Indiana Supreme Court indicated that reckless driving could constitute a violation of I.C. 35–43–1–2. If the plaintiff in this case could prove the requisite driving misconduct on the part of the defendant, he would satisfy the requirement of an I.C. 35–43 violation.

Even assuming a violation of I.C. 35–43, it is still unclear whether Indiana law would allow this claim for treble damages. A critical question remains unanswered by the Indiana courts; that is, whether the treble damage statute applies to an action brought under the Indiana wrongful death statute.[3]

When faced with an unsettled issue of state law, a federal court should not decline to exercise its jurisdiction to decide a case. *Meredith v. City of Winter Haven,* 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943). A federal court "may not give up—lost in darkness" in such a situation. *Daily v. Parker,* 152 F.2d 174, 177 (7th Cir.1945). Instead, a federal court should look to available data and adopt the rule it believes that a state's supreme court would adopt. *Neofes v. Robertshaw Controls Co.,* 409 F.Supp. 1376, 1379–80 (S.D.Ind.1976). In deciding a state-law question of first impression, a federal court may assume that the state courts "will follow the rule that appears best to effectuate the policies that underlie the rule." *Bowen v. United States,* 570 F.2d 1311, 1322 (7th Cir.1978). A review of Indiana law in this case indicates that the policies underlying the enactment of the wrongful death statute prohibit the award of treble damages in such an action.

---

1. I.C. 34–4–30–1 provides:
   If a person suffers a pecuniary loss as a result of a violation of I.C. 35–43, he may bring a civil action against the person who caused the loss for:
      (1) an amount equal to three (3) times his actual damages;
      (2) the costs of the action; and
      (3) a reasonable attorney's fee.
   *Obremski* held that driving while intoxicated was an act of criminal mischief, one of the offenses enumerated in I.C. 35–43. 487 N.E.2d at 829–31.

2. I.C. 35–43 deals solely with offenses to property. Although a violation of the criminal mischief statute is possible as in *Obremski,* the other offenses of I.C. 35–43, i.e., arson, burglary, trespass, theft, conversion and forgery would not apply to this case.

3. An even broader question, which this court does not address, is whether the treble damage provision of I.C. 34–4–30–1 is applicable to any action involving personal injury. Because I.C. 35–43 encompasses only offenses to property, it is uncertain whether I.C. 34–4–30–1 was meant to compensate only property loss or whether personal injury could also be compensated if it was sustained during the course of an I.C. 35–43 violation. The court's decision today is based on an interpretation of the Indiana wrongful death statute, I.C. 34–1–1–2; it does not deal with personal injury actions in general.

■ In reaching this decision, the court relies on Indiana decisions denying punitive damages for wrongful death. Wrongful death actions did not exist at common law and are purely creatures of statute. *Andis*, 489 N.E.2d at 81. They therefore must be strictly construed according to the wrongful death statute, I.C. 34–1–1–2, which authorizes only compensatory damages. *Andis*, 489 N.E.2d at 81; *Huff v. White Motor Corp.*, 609 F.2d 286, 297 (7th Cir.1979). The purpose of the wrongful death statute is not to punish those who may have caused the death, but rather, is to compensate those who may have suffered a loss as a result. Punitive damages therefore are not available in wrongful death actions. *Huff*, 609 F.2d at 297; *Mehler v. Bennett*, 581 F.Supp. 645, 648 (S.D. Ind.1984); *Andis*, 489 N.E.2d at 81–82.

■ Similar arguments apply with respect to treble damages. The Indiana Supreme Court has stated that treble damages are distinct from punitive damages. *Obremski*, 487 N.E. at 831. However, the Indiana legislature has recognized the similarity between the two by disallowing recovery of both. I.C. 34–4–30–2. Treble recovery goes beyond mere compensation; it imposes a measure of punishment or deterrent effect for acts which amount to violations of criminal law. Such punitive effect falls outside the strictly compensatory purpose of the wrongful death statute.

■ Because I.C. 34–1–1–2 is the exclusive remedy for wrongful death, treble damages would not be available to the plaintiff under an alternative cause of action.[4] The Indiana survival statute, I.C. 34–1–1–1, provides that no action for personal injuries of a decedent survives the decedent's death except where the decedent dies of causes other than those which caused the injuries. Together the wrongful death and survival statutes preclude the maintenance of this present action outside of I.C. 34–1–1–2. Because that statute precludes an award of treble damages, the provisions of I.C. 34–4–30–1 as applied by

*Obremski* do not apply to this case. The plaintiff's recovery in this case must be limited to the compensatory damages authorized in I.C. 34–1–1–2.

### Conclusion

Because defective allegations of subject matter jurisdiction do not warrant dismissal, the defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) is hereby DENIED. The plaintiff's Motion to Amend Complaint is GRANTED.

A review of Indiana law indicates that treble damages should not be awarded in an action for wrongful death. The defendants' Motion to Dismiss pursuant to Fed.R. Civ.P. 12(b)(6) therefore is GRANTED. Only that portion of the plaintiff's complaint which refers to treble damages is DISMISSED.

---

**4.** The plaintiff's complaint does not specifically invoke I.C. 34–1–1–2. However, both parties have referred to the wrongful death statute in presenting their arguments on this motion.