Evelyn C. KUBA, as Executrix of the Estate of Earnest Kuba, Plaintiff-Appellant,

v.

RISTOW TRUCKING COMPANY, INC., and the Estate of Myron C. Sheban, Defendants-Appellees.

No. 86–2055.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 12, 1987.

Decided Feb. 2, 1987.

Sherrill Wm. Colvin, John O. Feighner, Snouffer, Haller, & Colvin, Ft. Wayne, Ind., for plaintiff-appellant.

Charles W. McNagny, William F. McNagny, Barrett & McNagny, Ft. Wayne, Ind., for defendants-appellees.

Before CUMMINGS, CUDAHY, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

A jury found that Myron Sheban (and vicariously his employer, Ristow Trucking Co.) negligently caused the death of Earnest Kuba in a head-on, high-speed collision between their trucks. It assessed damages of $250,000, which the defendants have paid. Kuba's estate wants the damages trebled, on the authority of Ind.Code § 34-4-30-1, which provides that "[i]f a person suffers a pecuniary loss as a result of a violation of IC 35-43, he may bring a civil action against the person who caused the loss for: (1) an amount not to exceed three (3) times his actual damages" plus attorneys' fees. "IC 35-43" designates a portion of the Code dealing with criminal damage to property. Section 35-43-1-2, on which the estate relies, is entitled "criminal mischief" and provides in part (a) that: "A person who: (1) [r]ecklessly, knowingly, or intentionally damages property of another person without his consent" commits a misdemeanor. Sheban was legally intoxicated at the time of the accident, which destroyed at least some of Kuba's property (his truck). *Obremski v. Henderson*, 497 N.E.2d 909 (Ind.1986), holds that reckless driving while intoxicated may violate § 35-43-1-2(a)(1). The court stated that "a drunk driver who crosses the center lane and strikes another car could well be found by a jury to have acted 'in plain, conscious, and unjustifiable disregard of harm that might result'", *id.* at 910-11, the definition of "recklessness" in Indiana. This case involves the crossing of the center line, producing a collision, and therefore it seems to create a jury question under *Obremski*. The estate concludes that it is entitled to treble damages under § 34-4-30-1. The district court disagreed and declined to ask the jury to determine whether Sheban caused the collision recklessly or intentionally. In a post-trial opinion, the judge explained that the law of Indiana does not permit the award of punitive or other multiplied damages in a wrongful death action.

 The appellees devote most of their brief to persuading us that we should

not decide the question the estate presents. Their lead argument is that, having accepted the $250,000, the estate may not persevere in trying to collect another $500,000. But the estate has not signed a release or any other formal document of settlement. (A release clause was printed on the back of the $250,000 check, but appellees sent the check to the clerk of the district court, who cashed the instrument and allowed the estate to draw on the resulting fund. The estate neither saw nor signed this language.) The $250,000 is no longer in dispute, so neither payment nor acceptance of the money necessarily implies settlement. Appellees do not offer any reason why the price of an appeal on the disputed sum must be appellees' retention of money that, by virtue of the judgment, belongs to the estate. A party may accept what is securely his and appeal seeking more. *United States v. Hougham*, 364 U.S. 310, 312, 81 S.Ct. 13, 16, 5 L.Ed.2d 8 (1960); *Embry v. Palmer*, 107 U.S. (Otto) 3, 8, 2 S.Ct. 25, 29, 27 L.Ed. 346 (1882); *United States v. F.D. Rich Co.*, 525 F.2d 760, 763–65 (7th Cir. 1975). The parties are free to agree by contract on a different approach; nothing prevented them from compromising their entire dispute. They did not do this, however.

■ Appellees also maintain that the estate's invocation of § 34–4–30–1 is untimely. The collision occurred on July 11, 1983. The estate filed the suit within the two years provided by Indiana law but did not add a claim based on § 34–4–30–1 until March 1986. It is untimely for two reasons, according to appellees: it post-dates the adoption of the pretrial order, which fixes the issues in the case; and it comes after the two-year period of limitations. The observation that the claim under § 34–4–30–1 is not in the pretrial order would have been sufficient justification for the district court to decline to entertain it. *Erff v. Markhon Industries, Inc.*, 781 F.2d 613, 618 (7th Cir.1986). It does not compel the judge to disregard the claim, however. *Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 (7th Cir.1976); cf. Fed.R.Civ.P. 16(e). The district judge allowed the claim to be raised and addressed it on the merits, holding in an extensive opinion that the estate's claim is unavailing. Claims explicitly addressed by the parties and court are treated as added automatically to the pleadings and other necessary documents. Fed.R.Civ.P. 15(b). The district judge having addressed the merits, we may too.

■ As for the statute of limitations, Fed.R.Civ.P. 15(c) states that whenever a new claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Trial Rule 15 of the Indiana Rules of Civil Procedure is identical, making it unnecessary to decide whether *Erie* requires the application of state law. Cf. *Schiavone v. Fortune*, —— U.S. ——, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 609–11 (4th Cir.1980). The claim based on § 34–4–30–1 unquestionably arose out of the same conduct as the estate's negligence action. Principles of claim preclusion (res judicata) would forbid the prosecution of a negligence suit and a suit based on § 34–4–30–1 in separate actions. Ours is exactly the sort of claim that Rule 15(c) allows to relate back. Appellees make much of the fact that *Obremski* was not decided until after the two years had run, but that is irrelevant. Section 34–4–30–1 predates the collision; there is no retroactivity problem in this case.

We arrive at the merits and encounter difficulty. The district court relied principally on its conclusion that Indiana does not allow the recovery of punitive damages in wrongful death actions. See also *Scully v. Armstrong*, 646 F.Supp. 213, 216 (N.D. Ind.1986) (identical conclusion by a different district judge). In 1979 our court predicted that Indiana would take this position about punitive damages. *Huff v. White Motor Corp.*, 609 F.2d 286, 297 (7th Cir. 1979). In 1986 one district of the court of appeals of Indiana did so. *Andis v. Hawkins*, 489 N.E.2d 78 (1st Dist.1986). *Andis*

recognized that the states are divided on the question, and that a refusal to allow the recovery of punitive damages in wrongful death actions means that it is cheaper to kill a person than to wound him—an outcome that undermines the principal function of punitive damages, deterrence. The Supreme Court of Indiana has not addressed the question.

The effect of the silence of the highest court of Indiana about a question that could go either way (and has, in other states) is compounded by the potential difference between punitive damages under the common law and damages that are augmented by virtue of a statute. *Andis* stressed that the wrongful death action is a creature of statute and that the damages therefore should be only those allowed by the legislature. 489 N.E.2d at 81. This rationale does not necessarily carry over to augmentation under § 34–4–30–1, a subject on which the legislature has spoken. The Supreme Court stated in *Obremski* that "[a] recovery of treble damages under [§ 34–4–30–1] is regarded as distinct from recovery of common law punitive damages." 497 N.E.2d at 911. On the other hand, as Judge Moody emphasized in *Scully*, 646 F.Supp. at 216, Indiana's survivorship statute, Ind.Code § 34–1–1–1, cuts off all recoveries other than through the wrongful death statute, § 34–1–1–2, for wrongful acts that produce death. Thus the statute construed in *Andis* is an essential basis of the estate's recovery, and the statute does not suggest any difference between common law and statutory bases for the augmentation of damages. (It also did not suggest any foundation for the difference between actual and punitive damages, however.) The court of appeals emphasized in *Andis* that the wrongful death statute strictly limits recoveries to actual damages. The parties inform us that no case in Indiana discusses whether there is a difference, for purposes of wrongful death actions, between common law and statutory sources of authority to increase a party's recoveries. We therefore have almost complete silence in Indiana on a question at the heart of this case.

Because *Obremski* is such a recent case, the courts of Indiana also are silent on the measure of recovery under § 34–4–30–1. The appellees insist that because § 35–43–1–2(a)(1) makes reckless damage to "property" the misdemeanor, only the value of the destroyed property may be trebled. The value of Kuba's truck, and nothing more, is at issue on appellees' view. The estate points out that under Ind.Code § 35–41–1–23(a) property "means anything of value" including any "gain or advantage" and "labor, and services". This must mean, according to the estate, that the value of Kuba's forgone earnings are "property" covered by the treble damages clause. There is still another potential reading. Even if § 35–43–1–2(a)(1) refers only to tangible property, as appellees believe, § 34–4–30–1(1) allows the trebling of the injured party's "actual damages". It may be, therefore, that so long as tangible property has been destroyed recklessly or intentionally—and § 35–43–1–2(a)(1) has been violated—all consequential damages may be trebled under § 34–4–30–1. The statutes allow any of these approaches as a purely linguistic matter, and we have no guidance from the courts of Indiana.

This is therefore a suitable case in which to seek the views of the Supreme Court of Indiana directly under Ind.R. App.P. 15(O). We respectfully request the Supreme Court of Indiana to answer the following questions of law:

1. Whether treble damages under § 34–4–30–1 are available in wrongful death actions in Indiana.

2. If so, whether the trebling is limited to the value of the physical property destroyed by the conduct that violates § 35–43 and supports the invocation of § 34–4–30–1.

The clerk of this court will transmit to the Supreme Court of Indiana a certified copy of this opinion, a copy of the briefs and appendix submitted to this court, and if requested the record in the case.

QUESTIONS CERTIFIED.