No. 13,725.

## SUNMAN v. CLARK.

MEASURE OF DAMAGES.—*Breach of Contract to Saw Lumber.*—Where one agrees to saw timber belonging to another into lumber of certain dimensions and for a certain purpose, but saws it in such a manner as to make it unfit for the purpose intended, the measure of damages is the difference between the market value of the lumber as it is sawed and its market value if sawed according to the contract.

SAME.—*Theory of Action.—Skill.—Negligence.—Instruction.*—If, in such case, the owner of the lumber predicates his right to recover damages upon the unskilful and negligent manner in which it was sawed, and upon this theory issue is joined and evidence heard, he can not object to an applicable instruction, on the ground that under the contract a failure to saw the lumber as agreed gave a right of action for damages without regard to the question of skill.

SAME.—*Harmless Instruction.*—Where the jury determine that a party is not entitled to recover any damages, no available error can be predicated upon an instruction which assumes to state the rule for the measurement of damages.

From the Ripley Circuit Court.

*J. B. Rebuck, C. H. Willson, J. S. Duncan, C. W. Smith* and *J. R. Wilson,* for appellant.

*E. P. Ferris, W. W. Spencer, J. S. Ferris, J. H. Connelly* and *J. L. Benham,* for appellee.

COFFEY, J.—The complaint in this cause avers that on and from the first day of October, 1884, to the 30th day of May, 1885, the plaintiff, at the special instance and request of the defendant, cut timber, hauled logs and lumber, sawed logs into lumber, planed lumber, and loaded cars for the defendant, a bill of particulars of which is filed with the complaint and made part thereof; that said labor and services were worth $1,200, which is due and unpaid.

A demurrer to this complaint was overruled, and the appellant excepted. The appellant then filed his answer, in three paragraphs. The first is a general denial; the second

is a plea of payment, and the third avers that the plaintiff and defendant entered into a contract whereby the plaintiff agreed to cut into logs, haul said logs to his mill and saw into good merchantable lumber, such trees belonging to the defendant as might be designated and pointed out to the plaintiff by the defendant, for the sum of $6.75 per thousand feet; that all of said lumber was to be sawed, as to width and thickness, as indicated by the defendant; that said plaintiff entered upon the execution of said contract, and was directed by the defendant to saw twenty-five thousand feet of said logs into lumber four inches thick and four inches wide, five inches thick and five inches wide, six inches thick and six inches wide, and seven inches thick and seven inches wide, to be used as pump stocks; that plaintiff undertook to saw said logs into pump stocks four inches wide and four inches thick, and sawed 21,451 feet of the same; that by the carelessness and negligence of the plaintiff and the men in his employ, operating and running said mill, and the unskilful manner in which the same was sawed, 10,899 feet of said 21,451 feet of lumber was not sawed four inches wide and four inches thick, or five inches wide and five inches thick, or six inches wide and six inches thick, or seven inches wide and seven inches thick, but was sawed in such an unskilful manner that it could not be used for pump stocks; that said defendant had contracted and sold all of said lumber that would pass for pump stocks at twenty-five dollars per thousand feet, and that by reason of the carelessness and negligence of the plaintiff, and the men operating and working the plaintiff's mill, and the unskilful manner in which said lumber was sawed, said 10,899 feet was sawed in such a manner that it was worthless for pump stocks, and that by reason of the carelessness and negligence of said plaintiff and the persons in his employ, and the unskilful manner in which said lumber was sawed, this defendant was compelled to, and did, sell said 10,899 feet of said lumber for $12.50 per thousand feet, which sum was a fair cash price for said lumber; and that

by reason of the carelessness and negligence of said plaintiff and the men in his employ working and operating said mill, the defendant was damaged in the sum of one hundred and fifty dollars by reason of the unskilful manner in which said 10,899 feet of lumber was sawed.

The appellee replied, by way of general denial. The cause was tried by a jury, who returned a verdict for the appellee. Over a motion for a new trial the court rendered judgment on the verdict. The appellant assigns as error, in this court:

*First.* That the complaint does not state facts sufficient to constitute a cause of action.

*Second.* That the court erred in overruling the demurrer to the complaint.

*Third.* That the court erred in overruling the appellant's motion for a new trial.

No question is made in the brief of counsel as to the sufficiency of the complaint, and for that reason the first and second assignments of error are to be regarded as waived.

The appellant assigns as reasons for a new trial that the court erred in its instructions to the jury. The fourth instruction given by the court, on its own motion, was as follows:

" 4th. If the defendant had a contract with the plaintiff, such as he has asserted in the third paragraph of his answer, and if the plaintiff sawed the 10,899 feet, or any other number of feet, of lumber for pump stocks so unskilfully or negligently that it was not marketable for pump stocks, because of not being sawed according to contract, and in consequence thereof the defendant was damaged, then you should allow him for such damage; and the measure of damages in such case would be the difference between the market value of the lumber as it was sawed and its market value if it had been sawed as agreed upon, or as it ought to have been."

It is claimed by the appellant that this instruction is erroneous, as the contract itself furnished the rule of damages.

The instruction, we think, states the general rule of law applicable to cases like this correctly, and is not erroneous. At least the appellant could not have been injured thereby, as the record discloses the fact that the jury refused to allow him any damages on account of the matters set up in the third paragraph of his answer. If the jury found that he was not entitled to recover *any* damages on that paragraph of his answer, it became wholly immaterial as to what the rule might be under which damages should be measured.

The tenth instruction given by the court was as follows:

" 10th. Whether, if any of the sawing was done defectively, or of under-width for pump stocks, the same could not have been avoided, with proper care, you must determine from the evidence. If it could not be avoided, with proper care, then it could not be said to have been done unskilfully; but if, with proper care, said under-width could have been avoided, then to saw the same in under-width would be un-. skilful.sawing. How this was, is a question of fact, to be determined by you from the evidence."

It is urged that this instruction is erroneous, for the reason that if the appellee agreed to saw the lumber in a particular manner, a failure to do so would render him liable to the damages occasioned thereby, without regard to the question of skill. We do not think this instruction is subject to the objection urged against it.

As will be seen, the appellant, in his answer, predicates his right to recover damages upon the unskilful, careless, and negligent manner in which the lumber was sawed. The instruction was directed to a question involved in the case as made by the issues and evidence in the cause, and directed the attention of the jury, properly, to a question of fact before them for their consideration.

It is also claimed by the appellant that in the sixth instruction given by the court, the court assumed the existence of a fact about which there was a conflict in the evidence, and

that it is, therefore, erroneous ; but we do not so understand the instruction. It is true that appellee testified that he was to be paid for sawing lumber by what was known as face measure, while the appellant testified that he was to pay the appellee for the lumber sawed by him according to the reports from those to whom he sold ; but we do not understand the appellant as denying that the lumber was to be measured according to the face measure, whether measured by the immediate parties to the contract or by those to whom it should be sold.

Had the appellee recovered for all the items proven on the trial, his verdict would have been much larger than that recovered. No witness attempted to give the condition of the accounts between the parties, except the appellee. He testified that after the labor was all performed he and the appellant had a settlement, in which it was ascertained that the appellant owed him $441.43, and that he agreed and promised on several occasions to pay it. The appellant did not deny this statement, and the jury returned their verdict for that sum. The verdict and judgment are right under the evidence, and we find no error in the record.

Judgment affirmed.

BERKSHIRE, J., took no part in the decision of this cause.
Filed Sept. 27, 1889.