Filed Feb. 8, 1895.

———————

No. 16,942.

JACKSON *v*. THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

PARENT AND CHILD.—*Action by Parent for causing Death of Child—Law of Another State.—Presumption.*—In an action by a father for causing the death of his child in another State, the presumption is that the common law on that subject prevailed in such other State, and his right to recover will be determined by that law.

SAME.—*Right of Action at Common Law.*—A civil action does not lie at common law for causing the death of a human being.

SAME.—*Action for Loss of Service.—Basis of Action.*—A parent may recover, at common law, from a wrongdoer, damages for depriving him of the services of his child, upon the same principle that the master recovers for loss of service of his servant.

SAME.—*Loss of Service.—Death of Child.—Instantaneous Death.—Medical Service.—Nursing.*—When the act of the wrongdoer causes a child's death, its parent may recover, at common law, the value of the child's services from the time of the injury until its death, and may also recover any incidental damages he may have suffered, such as medical attendance and care and nursing up to that time. When death is instantaneous, or practically so, no redress at common law is possible.

SAME.—*Death by Wrongful Act.—Funeral and Burial Expenses.—Common Law.*—Where the death of a child is caused by the wrongful act of the defendant, its parent, at common law, can not recover the cost of its funeral and burial expenses; but the rule is different when the action is brought under the provisions of our civil code, giving a right of action to a parent against the person wrongfully causing its death.

From the Marion Superior Court.

*W. V. Rooker*, for appellant.

*S. N. Chambers, S. O. Pickens* and *C. W. Moores*, for appellee.

MONKS, J.—This is an action brought by appellant against appellee, for negligently killing his child, aged one year.

The complaint is in three paragraphs, each of which charges, as an element of damages, that appellant incurred and paid one hundred dollars' necessary expense in the burial of said child.

A demurrer to each paragraph for want of facts was sustained and exception taken.

Judgment was rendered on demurrer against appellant. The errors assigned call in question the ruling of the court below as to each paragraph of the complaint. It is averred in each paragraph that the alleged negligent killing of the child occurred in the State of Ohio.

There is no averment in the complaint that the common law of Ohio had been changed or that any statute was in force there which authorized the father to maintain an action for damages for the death of his child.

There being no allegation that there is such a statute, the presumption is that the common law on this subject prevails in that State. *Smith* v. *Muncie, etc., Bank*, 29 Ind. 158, and authorities cited.

The right, therefore, of appellant to recover depends upon the common law and not upon any statute. Buswell Pers. Injuries, section 28.

It is settled law that a civil action would not lie at common law for causing the death of a human being. *Gann* v. *Worman*, 69 Ind. 458; *Burns, Admr.,* v. *Grand Rapids, etc., R. R. Co.*, 113 Ind. 169; *Baker* v. *Bolton*, 1 Camb. 493; *Carey* v. *Berkshire R. R.*, 1 Cush. 475; Cooley Torts, pages 15, 16, 307; *Hyatt* v. *Adams*, 16 Mich. 179; 1 Shear, & Redf. Neg., section 124; Deering Neg., section 387.

Counsel for appellant admit the rule, but contend that expenses necessarily incurred and paid by appellant

in the burial of the child could be recovered at common law, and that such averment in the complaint renders it sufficient to withstand the demurrer. Could the father recover at common law the necessary expense incurred and paid in the burial of his child, from the wrongdoer whose negligence caused its death, when the same was instantaneous or practically so? The rule at common law is that a parent may recover from a wrongdoer damages for depriving him of the services of his child upon the same principle that the master recovers for loss of services of his servants.

When the act of the wrongdoer which deprives the father of the services of his child causes its death the father may recover for the services of the child from the time of the injury until its death, and may also recover any incidental damages he may have suffered, such as medical attendance, care and nursing up to that time. *Binford* v. *Johnston*, 82 Ind. 426; *Mayhew* v. *Burns*, 103 Ind. 328; *Dennis* v. *Clark*, 2 Cush. 347; *Hyatt* v. *Adams*, *supra*; Cooley Torts, 307, 308; Buswell Pers. Injuries, sections 12, 13.

But when death is instantaneous, or practically so, no redress was possible at common law. *Osborne* v. *Gillette*, L. R., 84 Exch. 88; *Mayhew* v. *Burns*, *supra*; *Hyatt* v. *Adams*, *supra*; Cooley Torts, 308; Buswell Pers. Injuries, section 15.

Under these authorities, appellant can not, in this case, recover any damages on account of the death of his child. The burial expenses alleged being caused by the death of the child, it necessarily follows that appellant can not recover therefor.

Funeral expenses are recovered in this class of cases by virtue of the statute. *Murphy* v. *New York, etc.*, R. R. Co., 88 N. Y. 445.

Counsel for appellant urges that this court has held

that such damages are recoverable at common law, and cites *Pennsylvania Co.* v. *Lilly*, 73 Ind. 252; *Binford* v. *Johnston, supra*; *Mayhew* v. *Burns, supra*.

In the case of *Pennsylvania Co.* v. *Lilly, supra*, which was an action by the father to recover damages under section 266, R. S. 1881, section 267, R. S. 1894, NIBLACK, J., speaking for the court, said: "It is well settled that, in an action by a parent for the death of his child, he is entitled to recover only for the pecuniary injury he has sustained, and that the proper measure of damages is the value of the child's services from the time of the injury until he would have attained his majority, taken into consideration with his prospects in life, less his support and maintenance. To this may be added, in proper cases, the expense of care and attention to the child, made necessary by the injury, funeral expenses and medical services."

We think all the damages defined in the above case may be recovered under section 266, R. S. 1881 (section 267 R. S. 1894), but there is nothing in the opinion indicating what part of the damages, if any, enumerated, could have been recovered at common law. That is, however, clearly shown by the authorities cited, to be for loss of services from time of injury until death, and expense of medical attendance and care and nursing to that time. Section 266, *supra*, included these elements and conferred a new right to the extent of the others mentioned in *Pennsylvania Co.* v. *Lilly, supra*.

In the case of *Binford* v. *Johnston, supra*, this court held that the averments in the complaint that the father had expended money and rendered services in an effort to cure his son, from the time he was injured until his death, stated a personal right of action in the father recognized by the common law, which was separate and dis-

Jackson *v.* The Pittsburgh, Cincinnati, Chicago and St. Louis Ry. Co.

tinct from the right of action which was statutory, citing Cooley Torts (1st ed.), 262.

In *Mayhew* v. *Burns, supra,* MITCHELL, J., speaking of the right of the parent at common law, said: "A parent might and still may, without any statute, recover for loss of services resulting from a wrongful injury to his child during the period of disability occasioned by such injury, and, if death resulted, for the loss of service during the time between the injury and death. In addition, a parent had his common law remedy to recover for such incidental damages, as for medical attendance, care and nursing, up to the time of death, if death resulted. This was upon the theory that the parent was entitled to the services of the child at the time the injury was inflicted, and owed the child the corresponding obligation of care, nursing and medical attendance. * * * Where death resulted instantaneously, or practically so, and no incidental expenses accrued, no action whatever was maintainable by the parent after the death of the child."

These cases give no support to the contention of the appellant, but are in harmony with and strongly sustain the legal propositions affirmed in this case.

For the reasons given, the court did not err in sustaining the demurrer to the complaint.

Other tenable objections are urged to the complaint, but it is not necessary to consider them.

Judgment affirmed.

Filed Feb. 7, 1895.