Linda K. SCHUMAN, Rachel Stuckey, Appellants–Plaintiffs,

v.

Ernest M. KOBETS & Susan G. Kobets d/b/a Lynnleigh Apartments, Appellees–Defendants.

No. 49A02–9704–CV–256.

Court of Appeals of Indiana.

Aug. 21, 1998.

---

Timothy E. Peterson, D. Robert Webster, Bamberger & Feibleman, Indianapolis, for Appellants–Plaintiffs.

Nana Quay–Smith, James P. Strenski, Bingham Summers Welsh & Spilman, Indianapolis, for Appellees–Defendants.

## OPINION

BAILEY, Judge.

### Case Summary

Appellants–Plaintiffs Linda K. Schuman ("Daughter") and Rachel Stuckey ("Mother") appeal the judgment on the pleadings entered against them in their lawsuit to recover their damages related to Daughter's histoplasmosis infection contracted from the apartment rented from Appellees–Defendants Ernest M. and Susan G. Kobets ("Landlord"). We affirm.

### Issues

Daughter raises two issues relative to her claim. Restated, they are:

I. Whether the two-year statute of limitations applicable to actions for personal injuries applies even though the complaint states an action in oral contract/implied warranty of habitability.

II. Whether Daughter's claim accrued when the histoplasmosis infection reoccurred in 1995 after having lain dormant for several years.

The dispositive issue relative to Mother's claim may be restated as:

III. Whether Mother has alleged a viable claim for the negligent infliction of emotional distress.

### Facts

The complaint alleges that Daughter rented an apartment from Landlord under an oral month-to-month lease from 1989 until 1993. (R. 5). In June of 1990, pigeons began roosting in the broken window casing and the wall of Daughter's apartment. (R. 6). Landlord neglected to make the needed repairs despite Daughter's repeated complaints and Landlord's repeated assurances that the repairs would be made. (R. 6). In July of 1990, Daughter began suffering from various symptoms including a cough, fever, and enlarged lymph nodes. (R. 6). On August 30, 1990, Daughter was diagnosed with histoplasmosis, a fungal infection caused by her exposure to the pigeon droppings in the window casing and wall of her apartment. (R. 7). Daughter's doctor informed (misinformed) her that the contagion would pass of its own accord in about two months. (R. 7).

Daughter demanded that Landlord pay her medical bills of approximately $3,000.00. (R. 8). However, Landlord ignored Daughter's request and she let the matter drop without initiating litigation. (R. 8).

Daughter experienced no further symptoms of histoplasmosis until December of 1995. (R. 8). At that point, the infection returned and Daughter became gravely ill, was hospitalized, and nearly died. (R. 8, 9). A biopsy revealed that the histoplasmosis contracted in 1990 had resurfaced. (R. 10). Mother came from her home in Fort Wayne to stay with Daughter while she was in the hospital. (R. 16). Mother then took Daughter home with her to Fort Wayne to take care of her while she recovered. (R. 16). Daughter's medical bills from late 1995 to early 1996 amounted to $135,000.00. (R. 12). Daughter has now been informed that the histoplasmosis infection could return at any point in the future. (R. 12–13).

Daughter and Mother filed the present lawsuit on June 4, 1996. (R. 5). Daughter requests compensation for her medical bills, lost income, and the knowledge that histoplasmosis might eventually kill her. (R. 12, 13, 15). Mother requests compensation for her out-of-pocket expenses incurred in caring for Daughter, as well as for the emotional pain and suffering of witnessing her daughter's critical medical condition and the knowledge that Daughter could yet die from another histoplasmosis attack. (R. 16).

### Discussion and Decision

#### Standard of Review

Pursuant to Ind.Trial Rule 12(C), the trial court may grant a motion for judgment on the pleadings if a review of the

pleadings establishes that no material issue of fact exists and the movant is entitled to judgment as a matter of law. *Matter of Paternity of R.C.,* 587 N.E.2d 153, 155–156 (Ind.Ct.App.1992). A motion for judgment on the pleadings tests the sufficiency of the complaint to state a redressable claim, not the facts to support it. *South Eastern Indiana Natural Gas v. Ingram,* 617 N.E.2d 943, 946 (Ind.Ct.App.1993). The test to be applied is whether the allegations of the complaint, taken as true and in the light most favorable to the nonmovant and with every intendment regarded in his favor, sufficiently state a redressable claim. *Id.* at 946–47. The party moving for judgment on the pleadings admits for purposes of the motion all facts well pleaded and the untruth of any of his own allegations which have been denied. *Mirka v. Fairfield of America, Inc.,* 627 N.E.2d 449, 450 (Ind.Ct.App.1994), *trans. denied.* When the pleadings present no material issues of fact, and the facts shown by the pleadings clearly entitle a party to judgment, the entry of judgment on the pleadings is appropriate. *Id.*

### I. Daughter's Claim

Daughter argues that the trial court erred in applying the two-year statute of limitations found at IND.CODE § 34–1–2–2(1) applicable to claims for personal injuries. Daughter contends that the six-year statute of limitations found at IND.CODE § 34–1–2–1 applies because her theory of recovery is based on a breach of the oral lease contract and/or breach of an implied warranty of habitability which also arose out of the oral contract.[1] We disagree.

1. Effective July 1, 1998, these statutes have been repealed and replaced without substantive changes by recodified statutes found at IND CODE §§ 34–11–2–4, 7. P.L. 1–1998 §§ 6, 221.

2. Daughter's reliance upon *Lawyers Title Insurance Corporation v. Pokraka,* 595 N.E.2d 244 (Ind.1992), is misplaced. *Lawyers* was a fraud/breach of oral contract case where the harm suffered was an injury to an intangible property right, that of the priority of a mortgage. In *Lawyers,* our supreme court rejected the contention that all claims involving personal injuries or injuries to personal property would be governed by the two-year statute of limitations found at

### Statutes of Limitation

■ Statutes of limitation are favored because they afford security against stale claims and promote the peace and welfare of society. *A.M. v. Roman Catholic Church,* 669 N.E.2d 1034, 1037 (Ind.Ct.App.1996), *trans. denied.* They are enacted upon the presumption that one having a well-founded claim will not delay in enforcing it. *Id.* The defense of a statute of limitation is peculiarly suitable as a basis for summary disposition. *Id.* When the application of the statute of limitations rests upon questions of fact, it is generally an issue for the jury to determine. *Fager v. Hundt,* 610 N.E.2d 246, 253 n. 5 (Ind.1993). However, where the undisputed facts show that the complaint was filed after the running of the applicable statute of limitations, the court shall enter judgment for the defendant. *See INB National Bank v. Moran Electric Service, Inc.,* 608 N.E.2d 702, 709 (Ind.Ct.App.1993), *trans. denied.*

■ The general rule is that the nature or substance of the cause of action determines the applicable statute of limitations. *Id.* at 706; *Butler v. Williams,* 527 N.E.2d 231, 233 (Ind.Ct.App.1988), *trans. denied.* For purposes of determining the appropriate statute of limitations, the substance of a cause of action is ascertained by an inquiry into the nature of the alleged harm and not by reference to the theories of recovery advanced in the complaint. *Whitehouse v. Quinn,* 477 N.E.2d 270, 274 (Ind.1985).[2]

■ In the present case, the nature of the harm suffered by Daughter was clearly injury to her person. Accordingly, the trial court correctly determined that the two-year statute of limitations applies.

IND.CODE § 34–1–2–2(1), noting that such an interpretation would effectively repeal IND.CODE § 34–1–2–1 which governs frauds and the breach of oral contracts because every such claim necessarily involves either personal injury or damage to property. *Id.* at 247. The *Lawyers* court then unequivocally held: "actions for fraud and for breach of an oral contract are governed by IND CODE § 34–1–2–1 which provides for a six-year statute of limitations." *Id.* We believe that the *Lawyers* court did not intend to impliedly overrule the well-established authority set out above and, therefore, we believe that *Lawyers* should be limited to its facts.

## II. Accrual of Action

Daughter argues that she could not have known that her histoplasmosis infection was a permanent, recurring condition until shortly before she filed her lawsuit. Thus, Daughter reasons, her cause of action should not have accrued until the true extent of her injuries were apparent. Daughter relies on *Union City Body Co., Inc. v. Lambdin,* 569 N.E.2d 373, 374-75 (Ind.Ct.App.1991) and *Dolph v. Mangus,* 400 N.E.2d 189, 191 (Ind. Ct.App.1980), for the proposition that each reoccurrence of an injury gives rise to a separate cause of action.

Neither of Daughter's cases are apposite to the case at bar. *Union City* involved a claim for workman's compensation benefits. Under the Workman's Compensation Act, employers are held strictly liable for the injuries of employees and, all provisions of the Act are to be liberally construed in order to accomplish its beneficent purposes. *Associated Insurance Companies, Inc. v. Burns,* 562 N.E.2d 430, 433 (Ind.Ct.App.1990). *Dolph* involved the specialized area of law involving damages to real property. 400 N.E.2d at 190-91. Daughter's authorities involve discrete, specialized areas of law and have no application in the present lawsuit brought to recover for personal injuries.

### Discovery Rule

■ Under Indiana's discovery rule, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew, or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another. *Wehling v. Citizens National Bank,* 586 N.E.2d 840, 843 (Ind.1992). With respect to injuries resulting from the exposure to toxic substances, the statute of limitations runs from the date plaintiff knew or should have discovered that she suffered an injury, and that it was caused by the product or act of another. *Barnes v. A.H. Robins Co., Inc.,* 476 N.E.2d 84, 87-88 (Ind.1985). The determination of when a cause of action accrues is a question for the court. *Malachowski v. Bank One, Indianapolis,* 590 N.E.2d 559, 564 (Ind.1992); *Barnes,* 476 N.E.2d at 85. For a cause of action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred. *Doe v. United Methodist Church,* 673 N.E.2d 839, 842 (Ind.Ct.App. 1996), *trans. denied.*

■ In the present case, Daughter began suffering from the symptoms of histoplasmosis in July of 1990. In August of 1990, her illness was diagnosed, and its cause was revealed to have been from her exposure to pigeon droppings in her apartment. Daughter requested that Landlord pay her medical bills. Accordingly, we must conclude that Daughter's cause of action against Landlord accrued in 1990. Therefore, the trial court correctly ruled that Daughter's lawsuit, filed in 1996, was time-barred.

## III. Mother's Claim

Mother claims damages under a theory of negligent infliction of emotional distress. Mother argues that Indiana should recognize an exception to the modified impact rule under the present circumstances where a parent witnesses severe injury to a child who is suffering from physical injuries caused by a toxic substance.

■ The modified impact rule for the negligent infliction of emotional distress is:

> [When a plaintiff] sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, such a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff.

*Shuamber v. Henderson,* 579 N.E.2d 452, 456 (Ind.1991); *Gorman v. I & M Electric Co.,* 641 N.E.2d 1288, 1290 (Ind.Ct.App.1994), *trans. denied.* Thus, the modified impact rule maintains the requirement that the plaintiff demonstrate that he suffered a direct physical impact. *Id.*

■ Mother concedes that she did not suffer a direct physical impact, but urges us

to abolish the impact rule altogether. We have declined this invitation before. *See Miller v. May,* 656 N.E.2d 1198, 1200 (Ind. Ct.App.1995) (as the modified impact rule was established by supreme court, we cannot abolish it), *trans. denied.* Therefore, the trial court correctly entered judgment on the pleadings with respect to Mother's claim for the negligent infliction of emotional distress.

Affirmed.

GARRARD and DARDEN, JJ., concur.