Linda K. SCHUMAN & Rachel Stuckey, Appellants (Plaintiffs Below),

v.

Ernest M. KOBETS & Susan G. Kobets, Appellees (Defendants Below).

No. 49S02–9901–CV–13.

Supreme Court of Indiana.

Sept. 15, 1999.

Timothy E. Peterson, D. Robert Webster, Indianapolis, Indiana, Attorneys for Appellants.

Nana Quay–Smith, James P. Strenski, Indianapolis, Indiana, Attorneys for Appellees.

SHEPARD, Chief Justice.

The claimants in this case filed a complaint that largely recited tort, but wrapped the claim in contract language in hopes of using the six-year statute of limitation applicable to contract actions. The trial court was right to dismiss the tort claims as tardy, but there may be some remaining viable contract claim.

Linda Schuman rented an apartment from Ernest and Susan Kobets from 1989 to 1993 under an oral month-to-month lease. In June 1990, pigeons began roosting in a broken window casing and in the wall of Schuman's apartment. Despite repeated requests, the Kobets failed to make the needed repairs. In July of the same year, Schuman began suffering from enlarged lymph nodes and other maladies including a cough and fever.

In August 1990, Schuman was diagnosed with having histoplasmosis.[1] After learning from her doctor that her discomfort likely stemmed from the roosting birds in her apartment, Schuman sought reimbursement for her doctor bills from her landlords. The Kobets ignored Schuman's demands for payment. Apparently, Schuman let the matter rest without initiating litigation. Schuman's doctor told her that her illness would pass in a few months.

Schuman's histoplasmotic symptoms resurfaced in the early fall of 1995. This time, Schuman was hospitalized and nearly died. Schuman's mother, Rachel Stuckey, came from her home in Fort Wayne to be at her daughter's bedside. After her release from the hospital, Stuckey took her daughter back to Fort Wayne to look after her. Schuman has since been informed that the histoplasmosis could resurface at any time.

In June 1996, Schuman and Stuckey sued the Kobets. Schuman alleged negligence, breach of implied warranty of habitability, and nuisance. Stuckey claimed negligent infliction of emotional distress. The trial court granted the defendants' motion on the pleadings, finding Schuman's complaint barred by the two-year statute of limitation set out in Ind.Code § 34–1–2–2(1). The court also found that the Kobets owed no duty of care to Stuckey.

On appeal, Schuman argued that the appropriate statute of limitation was six years. Stuckey urged the court to recognize an exception to the modified impact rule so that she could pursue her claim for emotional damages. The Court of Appeals found both arguments unpersuasive and affirmed. *Schuman v. Kobets,* 698 N.E.2d 375, 378 (Ind.Ct.App.1998). The Court of Appeals was correct to affirm dismissal of the tort claims. We grant transfer largely to examine whether Schuman may have a remaining contract claim.

In reviewing a Rule 12(C) dismissal, courts of appeal accept as true all of the well-pleaded facts set out in the complaint. *Noblesville Redev. Comm'n v. Noblesville Assoc. Ltd.,* 674 N.E.2d 558, 562 (Ind.1996). We look only to the pleadings in making this assessment. *Id.*

"[T]he applicable statute of limitations is ascertained by identifying the nature or substance of the cause of action." *Whitehouse v. Quinn,* 477 N.E.2d 270, 274 (Ind.1985). The thrust of Schuman's claim is in tort. She seeks recovery for a personal injury sustained as a result of the roosting pigeons. (R. at 5–17.) Indeed, the complaint is styled as personal injury due to breach of an oral contract. (R. at 5.) Claims for personal injury sound in tort and are therefore governed by Ind.Code § 34–1–2–2(1), a two-year statute of limitation that had long since tolled when Schuman filed her complaint.[2] The Court of Appeals was thus correct to affirm dismissal of Schuman's tort claims and we summarily affirm on this point. Ind. Appellate Rule 11(B)(3).[3]

Several of her contentions sound like a contract claim. Since a lease is a contract, the essence of the landlord-tenant relationship is contractual in nature. Schuman's warranty claim, for example, stems from the oral month-to-month lease between tenant Schuman and landlord Kobets. Thus, this claim is governed by Ind. Code § 34–1–2–1, a six-year statute of lim-

---

1. According to the complaint, the diagnosing physician, Dr. Judy Monroe, described histoplasmosis as "a fungus, which is spread by spores that are typically carried in bird excrement, particularly pigeon droppings." (R. at 7.)

2. This section was recently recodified at Ind. Code § 34–11–2–4(1).

3. Affirming dismissal of Stuckey's negligence claim was also appropriate, not for reasons having to do with the impact rule but because as a claim for negligence it was barred by the statute of limitation.

itation.[4]  Schuman became aware of her ailment on August 30, 1990, and she filed her complaint on June 4, 1996.  She thus had two months to spare in bringing her contract claim.

Of course, Schuman's recovery on her contract claim will be defined by the law of contract.  Her damages thus might be measured by the difference between the contract price and the market price of the apartment as delivered, for example, or by the difference between the value of the premises without promised repairs and with them.  11 Walter H.E. Jaeger, *Williston on Contracts* § 1404 (3d ed.  1968 & Supp.1999); *accord Sunman v. Clark*, 120 Ind. 142, 22 N.E. 113 (1889) (general measure of damages for defective performance), *and Jordan v. Talaga*, 532 N.E.2d 1174 (Ind.Ct.App.1989) (damages for breach of warranty in contract conveying real estate); 9 *Ind. Law Encyclopedia* Damages § 129 (1971 & Supp.1998) (damages for defective performance).  These damage rules are examples that are presumably applicable.  Others may also apply, depending on the proof at trial.

### Conclusion

For these reasons, we summarily affirm the opinion of the Court of Appeals as to the tort claims of Schuman and Stuckey.  We reverse with respect to the contract claim and remand for further proceedings on that claim.

DICKSON, SULLIVAN, SELBY, and BOEHM, JJ., concur.